IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| LOFISA S., individually and on behalf of her minor child, S.S., | ) ) ) | Civ. No. 12-00213 SOM/BMK |
| | ) | ORDER REVERSING |
| Plaintiff-Appellant, | ) ) | ADMINISTRATIVE HEARING OFFICER'S DECISION AND |
| | ) | REMANDING FOR FURTHER |
| vs. | ) | PROCEEDINGS |
| | ) | |
| STATE OF HAWAII DEPARTMENT OF EDUCATION, ET AL., | ) ) ) | |
| | ) | |
| Defendants-Appellees. | ) ) | |
| _____ | ) | |

**ORDER REVERSING ADMINISTRATIVE HEARINGS OFFICER'S DECISION
AND REMANDING FOR FURTHER PROCEEDINGS**

Plaintiff Lofisa S., the mother of S.S., a minor with a hearing disability, seeks benefits for S.S. under the Individuals with Disabilities Education Improvement Act of 2004 ("IDEA"). Plaintiff seeks a reversal of the Findings of Fact, Conclusions of Law and Decision ("Decision") issued by an Administrative Hearing Officer ("AHO"). Specifically, Plaintiff asserts error in the AHO's determination that Plaintiff's request for reimbursement for private school tuition was untimely. The court agrees that the AHO erred in concluding that the reimbursement request was untimely. However, this does not mean that Plaintiff is entitled to reimbursement. Instead, this court determines that the AHO found an IDEA violation as to an issue that Plaintiff had not even brought to the AHO. This determination

caused the AHO not to reach the actual issue presented by
Plaintiff.  This court therefore reverses the AHO as to the issue
not properly before it and remands this action to the AHO for
consideration of matters actually raised by Plaintiff.

**I.        Statutory Framework.**

        "The IDEA is a comprehensive educational scheme,
conferring on disabled students a substantive right to public
education." Hoeft v. Tuscon Unified Sch. Dist., 967 F.2d 1298,
1300 (9th Cir. 1992).  The IDEA ensures that "all children with
disabilities have available to them a free appropriate public
education that emphasizes special education and related services
designed to meet their unique needs and prepare them for further
education, employment, and independent living."  20 U.S.C.
§ 1400(d)(1)(A).

        To provide a free appropriate public education ("FAPE")
in compliance with the IDEA, Hawaii's Department of Education
("DOE") must evaluate a student, determine whether that student
is eligible for special education and services, conduct and
implement an Individualized Education Plan ("IEP"), and determine
an appropriate educational placement for the student.  See 20
U.S.C. § 1414.

        The student's FAPE must be "tailored to the unique
needs" of the student via the IEP.  Bd. of Educ. of Hendrick
Hudson Cent. Sch. Dist. v. Rowley, 458 U.S. 176, 181 (1982)

("Rowley") (citing U.S.C. § 1401(18)).  The IEP must be in writing and contain, among other things, the specific educational services to be provided to the child and a statement of annual goals.  See 34 C.F.R. § 222.50; see also 20 U.S.C. § 1414(d).  Plaintiff's focus on the present appeal is the provision in the IDEA requiring the DOE to have an IEP in effect for each child with a disability at the beginning of each school year.  See 20 U.S.C. § 1414(d)(2)(A); 34 C.F.R. § 300.323(a).

A violation of the IDEA may be procedural or substantive.  Rowley, 458 U.S. at 205-06.  While the IDEA guarantees certain procedural safeguards for children and parents, the Ninth Circuit has recognized that not every procedural violation results in denial of a FAPE.  See L.M. v. Capistrano Unified Sch. Dist., 556 F.3d 900, 909 (9th Cir. 2009) ("Procedural flaws in the IEP process do not always amount to the denial of a FAPE.").  Procedural flaws with regard to an IEP only deny a child a FAPE when the flaws affect the "substantive rights" of the parent or the child.  Id.  Examples of such substantive rights include the loss of a child's educational opportunity or an infringement of the parents' opportunity to participate in the IEP process.  Id.  If the procedural violation does not go to either the parent's or the child's substantive rights, that violation "is 'harmless error' because it does not deny the student a FAPE."  R.B. v. Napa Valley Unified Sch.

3

Dist., 496 F.3d 932, 938 n.4 (9th Cir. 2007).  If an IDEA
violation results in denial of a FAPE, the court may "grant such
relief as the court determines is appropriate."  20 U.S.C.
§ 1415(i)(2)(C)(iii).

II.      **Factual and Procedural Background.**

There is no dispute that S.S. is a high school student
who is eligible for special education and related services under
the IDEA.  Decision at 4, ECF No. 12-18.  In the Hawaii public
school system, run by the Department of Education ("DOE"), S.S.'s
home school is Kailua Intermediate School.  Id. at 1.  During the
2009-10 school year, S.S. attended a private school in Hawaii.
The DOE, pursuant to a settlement agreement, paid for S.S.'s
tuition at that private school for the 2009-10 school year, which
ended on May 27, 2010.  Id.

On May 6, 2010, the DOE held an IEP meeting at Kailua
Intermediate School to prepare an IEP for S.S. for the 2010-11
school year.  Id.  The DOE says that, although it offered S.S. a
FAPE at Kailua Intermediate School for the 2010-2011 year, Lofisa
S., who participated in the IEP meeting via telephone, requested
that S.S. remain at the private school.  Id.  The DOE says it
refused this request "because Student's needs could be met at her
home school in a less restrictive setting."  Id. at 4.

Although the DOE did not hear from S.S. or Lofisa S.
during the 2010-11 school year, the DOE prepared for S.S.'s

4

arrival at Kailua Intermediate School by creating an individualized schedule for her.  When S.S. did not show up for school, her special education teacher phoned her home "at least twice, but received no response."

In addition, the DOE sent Lofisa S. two letters during the 2010-11 school year, inviting her to contact the principal at Kailua Intermediate School if she wanted S.S. to receive special education services at a public school.  Id.  The first letter, dated March 3, 2011, said, "If you wish to have your child receive [a FAPE] in a public school, contact the principal at the phone number listed above."  ECF No. 13-3.  The letter further stated that if Lofisa S. did not contact the school by March 31, 2011, "a reevaluation will not be conducted, and your child will no longer be eligible for special education services."  Id.  The second letter, dated April 1, 2011, said: "Our records indicate that your child has been identified by the DOE as having a disability, but is enrolled in a private school.  Your child may be eligible for the PSPP [Private School Participation Project]." ECF No. 13-3.  The letter also stated, "If we do not hear from you by April 21, 2011, a reevaluation will not be conducted and your child will **no longer** be eligible for special education services."  Id.  (emphasis in original)

Plaintiff did not respond to either letter.  Id. Plaintiff described her understanding of the letters as follows:

"Basically, my understanding is what it's telling me is that . . . I would have to take her out of [the private school], place her in a public school, without even having an IEP, to give her the current services that she needs."  Tr. of Administrative Proceedings at 10, ECF No. 15-1.

S.S. did not attend Kailua Intermediate School during the 2010-11 school year; she instead continued on at her private school.  Nor did Lofisa S. file any notice for an impartial hearing.  Lofisa S. explained that she was uncommunicative because she "got caught up with [her] busy life" and "time passed faster than when [she] wanted to address this issue.  Id. at 13.

On August 26, 2011, Lofisa S. requested a due process hearing on the issue of S.S.'s education.  See Notice of Hearing, ECF No. 12-4.  Lofisa S. asserted that: (1) S.S. "enjoys the protections of the 'stay put' provision of the IDEA"; (2) S.S. and/or her parents were "denied their federal rights when the DOE offered to provide S.S. a FAPE **on the condition** that she agrees to receive it in a public school"; and (3) "in the alternative, if the DOE held an IEP meeting without S.S.'s parents, this violated their rights."  Compl. ¶¶ 4-6, ECF No. 14-4.

THE AHO stated that S.S. had been denied a FAPE for the 2011-12 school year because her "current IEP expired on May 6, 2011, at the end of the 2010-2011 school year, and prior to the 2011-2012 school year, [she] received no further offers of FAPE."

Decision at 12, ECF No. 12-18.  The AHO nevertheless denied

Plaintiff's request for reimbursement of private school tuition

for the 2011-12 school year because "Petitioners did not file

their request for a due process hearing within 180 days of

Parents' unilateral special education placement of Student as

required by HRS § 302A-443."  Id. at 14.

On the present appeal to this court, Plaintiff no

longer seeks "stay put" remedies. Opening Br. at 3, ECF No. 21.

Instead, the "sole issue in this appeal is whether the AHO's

legal conclusion that Appellants are barred from obtaining

reimbursement for tuition expenses due to a statute of limitation

in Hawaii Revised Statutes ('HRA') § 302A-443 (a)(1) and (a)(2)"

is in error.  Id. at 2-3.  S.S. argues, "Because Appellants were

unable to bring their claim for reimbursement until the claim

ripened, on August 2, 2011, the statute could not have acted to

bar Student's claim filed on August 26, 2011."  Id.

## III.  STANDARD OF REVIEW.

The IDEA provides that "[a]ny party aggrieved by the

findings and decision" of the AHO "shall have the right to bring

a civil action with respect to the complaint presented pursuant

to this section, which action may be brought in any State court

of competent jurisdiction or in a district court of the United

States, without regard to the amount in controversy."  20 U.S.C.

§ 1415(i)(2)(A).

When reviewing an appeal from an AHO, the court: "(i) shall receive the records of the administrative proceedings; (ii) shall hear additional evidence at the request of a party; and (iii) basing its decision on the preponderance of the evidence, shall grant such relief as the court determines is appropriate." 20 U.S.C. § 1415(i)(2)(c).  The burden of proof is on the party challenging the administrative ruling.  Schaffer ex rel. Schaffer v. Weast, 546 U.S. 49, 62 (2005).

The court reviews the AHO's conclusions de novo. Ashland Sch. Dist. v. Parents of Student E.H., 587 F.3d 1175, 1182 (9th Cir. 2009).  De novo review under the IDEA "carries with it the implied requirement that due weight shall be given to the administrative proceedings."  Id. (quoting Bd. of Educ. v. Rowley, 458 U.S. 176, 206 (1982)).  A district court "must give deference to the state hearing officer's findings," and "avoid substituting its own notions of sound educational policy for those of the school authorities which it reviews."  Id.  (quoting Union Sch. Dist. v. Smith, 15 F.3d 1519, 1524 (9th Cir. 1994)).

IV.      ANALYSIS.

The AHO ruled that the DOE failed to offer S.S. a FAPE after her IEP expired on May 6, 2011.  Decision at 12.  Because the AHO also ruled that Plaintiff's hearing request was untimely, however, the AHO denied Lofisa S.'s request for reimbursement of private school tuition.  This court reverses the portion of the

8

AHO's decision concluding that S.S.'s request for reimbursement was untimely, as well as the portion of the decision stating that a FAPE for the 2011-12 school year was denied because an IEP was not in place when that school year began.   Timeliness of the IEP was not a matter included in the hearing request and was therefore not an issue for the AHO to determine.

> **A.    The Court Reverses the AHO's Conclusion that Plaintiff's Reimbursement Request was Untimely.**

The AHO rejected Plaintiff's request for reimbursement because "Petitioners' August 26, 2011 hearing request which seeks reimbursement for the costs of Student's Private School education is more than 180 days from Student's unilateral special education placement date of May 28, 2010."   Id. at 13.

Under Hawaii law, a parent seeking reimbursement must make a due process complaint within 180 days of the unilateral special education placement.   See Haw. Rev. Stat. § 302A-443(a)(2).   Section 302A-443(a)(2) provides:

> (a) An impartial hearing may be requested by any parent or guardian of a child with a disability, or by the department, on any matter relating to the identification, evaluation, program, or placement of a child with a disability; provided that the hearing is requested:
>
> . . . .
>
> (2) . . . [W]ithin one hundred and eighty calendar days of a unilateral special education placement, where the request is for

reimbursement of the costs of the placement.

Plaintiff says the 180-day period began on August 2, 2011, when the 2011-12 school year began.  Opening Br. at 5.  She urges the court to "determine that the cause of action . . . relates to the expired IEP on May 6, 2011 which was filed 113 days prior to the date of the administrative complaint or on March 3, 2011 the date Appellants received the FAPE Letter, 177 days before Appellants' filed the administrative hearing."  Id. at 5 n.1.

Plaintiff's argument assumes that a new unilateral placement occurs at the start of each school year.  That is, she does not trace a continuing unilateral placement to the original placement date, instead deeming the unilateral placement to expire at the end of each school year and a new unilateral placement to occur at the start of the new school year. Plaintiff views her reading of section 302A-444(a)(2) as logical and argues that the AHO's reading violates the Due Process Clause.

Plaintiff's arguments fail to persuade this court, although the court does agree on other grounds that section 302A-443(a)(2) does not bar Plaintiff's reimbursement claim as untimely.

First, as a general matter, the court is not compelled by logic to read the statute as Plaintiff does.  A legislature's

10

enactments may be challenged on numerous grounds but are not inapplicable simply because they could have been drafted to be more logical.  This court cannot, for example, say that it was arbitrary and capricious for the legislature to require a parent, within six months of the parent's unilateral decision to place a child at a private school, to notify the DOE as to whether the parent intends to continue to send the child there and to seek tuition payment by the DOE, even for a future period.

Plaintiff's constitutional challenge is equally unpersuasive.  Nothing in the Constitution prohibits a state legislature from requiring notice of a parent's intent to seek reimbursement even before the start of the school year for which reimbursement is sought.  Such notice might be required to assist a state in managing its budget.  Thus, if the private school required a tuition deposit in advance of the start of a school year, the parent who pays that deposit may be contemplating seeking reimbursement of that deposit.  The deposit might be required by the private school before the DOE prepared a new IEP.  If the parent later decided to send the child to a public school, the early notice to the DOE might not have injured the parent at all.

Nor does the Constitution require that a state wait until a new school year begins before requiring notice from a parent that reimbursement will be sought.  Tuition might be paid

11

semester-by-semester, so it is hard to see why a unilateral placement necessarily turns on the start of a new school year.

Plaintiff further contends that her claim for reimbursement for the 2011-12 school year could not have been "ripe" until after that school year began.  Opening Br. at 4.  This court does not agree.  While a parent has no right to actually receive payment from the DOE until tuition is actually due or paid, which may or may not be before the school year begins, the legislature can require notice before then that a parent intends to seek such payment.  This is not a ripeness issue at all.  Plaintiff appears to be conflating the date she could receive reimbursement with the deadline for asking for future reimbursement.

Notwithstanding these problems with Plaintiff's arguments, this court concludes for different reasons that the AHO erred in deciding that Plaintiff's claim for reimbursement was untimely.  That is, the court concludes that the AHO's reading of the statutory provisions is erroneous not based on logic or the Constitution, but based on something much more mundane: the syntax of the statute.  Section 302A-443(a)(2) requires a parent to request a hearing "within one hundred and eighty calendar days of a unilateral special education placement, **where the request is for reimbursement of the costs of the placement**."  The AHO's reading of section 302A-443(a)(2) would

12

make sense only if the statute did not contain the "where" clause.  With the "where" clause, the AHO's determination requires one to read the word "placement" in "unilateral special education placement" as having a different meaning from the word "placement" in the "where" clause.  Under the AHO's reading, the first "placement" must refer to a placement in 2010, while the second "placement" must refer to a placement in 2011.  But the syntax of the provision does not support the assignment of different meanings to the word "placement" within the same subsection.  The word "placement" in section 302A-443(a)(2) must mean the same thing in both clauses of that subsection.  Because the only placement Plaintiff is seeking reimbursement for concerns the 2011-12 school year, the "unilateral special education placement" in issue must also concern the 2011-12 school year.  The request for hearing was submitted on August 26, 2011, which was not more than 180 days of any placement of S.S. for the 2011-12 school year.  The request was therefore not untimely.

> **B.  The AHO Acted Beyond Her Authority in Determining That the DOE Denied a FAPE by Failing to Have an IEP in Place By the Start of the 2011-12 School Year.**

The AHO determined that the DOE had failed to offer a FAPE by failing to have an IEP by the start of the 2011-12 school year.  But whether the DOE denied a FAPE by not having an IEP in place in a timely fashion was not an issue Plaintiff raised in

13

her request for an impartial due process hearing.  It was therefore not properly before the AHO.

Administrative hearings under the IDEA are governed by 20 U.S.C. § 1415.  The Ninth Circuit has held, "The scope of the administrative hearing mandated by section 1415(b)(2) is limited to the 'complaint' raised to obtain the hearing." <u>Cnty of San Diego v. California Special Educ. Hearing Office</u>, 93 F.3d 1458, 1465 (9th Cir. 1996).  Judicial review of an administrative ruling "cannot expand a party's rights beyond what may be raised at the hearing." <u>Id.</u>  Nor can an adverse party drag into either an administrative hearing or judicial review of that decision issues not raised in the "complaint" filed to initiate the hearing process. <u>Id.</u>

This court recognizes that no party appealed the AHO's determination on the denial of a FAPE.  This court nevertheless addresses the matter here in aid of ensuring that proceedings on remand are properly focused.

Even if the AHO could have considered the DOE's failure to issue an IEP before the start of the 2011-12 school year, recovery by Plaintiff for the denial of a FAPE would not automatically follow.  If, for example, Plaintiff was the sole cause of that failure, she could not recover from the DOE on the basis of that failure.

14

It is not clear whether, as Lofisa S. contends, the DOE caused Lofisa S. to think a response was unnecessary or futile. The DOE's letters themselves do not, on their face, suggest futility, although, as the AHO notes, the letters introduced other problems.  There may be other evidence relevant to this issue.  Alternatively, Lofisa S., who indicated that she became too busy to respond, may herself be at fault in this regard.

In <u>A.R. v. State of Hawaii Department of Education</u>, 2011 WL 1230403, at *8 (D. Haw., Mar. 31, 2011), this court held that, in the stay put context, the DOE had not violated the IDEA by failing to have an IEP in place before the school year began because it was the parent who had delayed development of the IEP by being "obstructionist and/or uncooperative."  Lofisa S.'s counsel, having represented the parent in <u>A.R.</u>, is clearly aware of that case.

This court need not determine who was at fault for the lack of an IEP at the start of the 2011-12 school year.  The court merely notes that a tardy IEP does not necessarily lead to a right to recover from the DOE.

By not raising the alleged untimeliness of the IEP in the hearing request filed several weeks after the start of the 2011-12 school year, Plaintiff waived any challenge to the timing of the IEP.  The AHO could not proceed as if no waiver existed.

15

### C. The AHO Failed to Decide An Issue Raised by Plaintiff.

The issue that was indeed before the AHO was the second concern set forth in Plaintiff's hearing request.  That was the issue of whether S.S. had been "denied federal rights when the DOE offered to provide Student a free appropriate public education ('FAPE') **on the condition** that she receives it in a public school."  Decision at 2.

This court remands this action to the AHO to determine whether (1) the DOE conditioned its making of an offer of FAPE on S.S.'s attendance at a public school, and (2) if the DOE did impose such a condition, whether the DOE thereby violated the IDEA.  The AHO is not being asked to determine whether the DOE violated the IDEA in any manner other than by allegedly conditioning provision of a FAPE on attendance at a public school.  Notably, Plaintiff is not asserting that the DOE violated the IDEA by failing to offer a certain number of hours with a therapist, or one-on-one counseling or tutoring in any area.  Plaintiff's hearing request does not complain that IEP meetings were not scheduled, or that the DOE ignored the advice of private school educators.  The sole issue goes to an alleged condition.

### IV.      CONCLUSION.

16

For the foregoing reasons, the court reverses the AHO's Decision and remands this case to the AHO for further proceedings.  The AHO may determine whether or not to receive new evidence.  This court instructs the Clerk of Court to close this file and to assign to this judge any new case that may arise out of proceedings on remand.  Any party appealing a decision issued by the AHO on remand should inform the Clerk of Court that the new case is related to Civil No. 12-00213.

IT IS SO ORDERED.

DATED: Honolulu, February 13, 2013.



/s/ Susan Oki Mollway
Susan Oki Mollway
Chief United States District Judge

LOFISA S., individually and on behalf of her minor child, S.S. v. STATE OF HAWAII DEPARTMENT OF EDUCATION, ET AL., Civ No. 12-00213 SOM/BMK; ORDER REVERSING ADMINISTRATIVE HEARINGS OFFICER'S DECISION AND REMANDING FOR FURTHER PROCEEDINGS

17